## SPRINGFIELD FIRE & MARINE INS. CO. v. DEL RIO WOOL & MOHAIR CO.
### No. 9561.

Court of Civil Appeals of Texas. San Antonio.

April 10, 1935.

Rehearing Denied May 1, 1935.

T. M. West, Frank B. Buchanan, and Nat L. Hardy, all of San Antonio, and Wilburn Barcus, of Big Spring, for appellant.

John J. Foster, of Del Rio, for appellee.

BICKETT, Chief Justice.

This is an appeal by the Springfield Fire & Marine Insurance Company, appellant, from a judgment for the sum of $704.64 and interest in favor of Del Rio Wool & Mohair Company, appellee, upon a motortruck cargo policy of indemnity insurance issued to J. W. Bonner.

Certain wool, the property of appellee, while being transported by motortruck by Bonner, was lost by the overturning of the truck in the flood waters of the Nueces river near Uvalde on June 30, 1932. The policy covered such contingencies or perils as those causing the loss of the wool. Appellant through an adjuster negotiated a settlement of the claim under the policy; and appellee executed and delivered to appellant a release reciting payment to appellant by appellee of the sum agreed upon. Appellant's adjuster sent the settlement check to appellant's local agent. This agent, having obtained the indorsement of Bonner, the payee, upon the check, did not mail it to appellee, as he stated his company instructed him to do, but cashed it himself and embezzled the proceeds.

A shipper, a carrier, and the carrier's indemnity insurer having agreed upon payment of a certain sum to the shipper in settlement of a loss covered by the policy, the cause of action of the shipper against the insurer is upon the contract of settlement. Corsicana Warehouse Co. v. North River Insurance Co. (Tex. Com. App.) 288 S. W. 137.

Therefore, the question as to the propriety of the joinder of the insurer as a party defendant, as was condemned by this court in Cannonball Motor Freight Lines v. Grasso (Tex. Civ. App.) 59 S.W.(2d) 337, is beside the mark.

Irrespective of whether appellant's local agent acted within or beyond the apparent scope of his authority, appellant has not performed the settlement agreement under which appellant was obligated to pay the agreed sum to appellee.

All of appellant's assignments and propositions are overruled.

The judgment of the district court is affirmed.